# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 03-CR-30039-1 |
| VERSUS | * | JUDGE JAMES |
| TERRANCE DEWAYNE HARRIS | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Vacate, Set Aside, or Reduce Sentence filed by defendant TERRANCE DEWAYNE HARRIS (Document No.14). For reasons stated below, it is recommended that the motion be **DENIED.**

On October 29, 2003, pursuant to a written plea agreement, the defendant pleaded guilty to one count of a bill of information charging him with two counts of bank fraud, in violation of 18 U.S.C. § 1344. (Rec. Docs. 1-8). On April 5, 2004, the defendant was sentenced to 30 months imprisonment followed by five years of supervised release. He was ordered to make restitution of $246,981.41. (Rec. Doc. 13).

Under the facts developed during these proceedings, including the plea agreement and hearing and the pre-sentence investigation, the defendant, who operated a car dealership, financed inventory with a line of credit from First Republic Bank. The defendant would obtain money from the bank to purchase a car as inventory and, in turn, provide the bank with the title to that car. When defendant sold the car, he was supposed to pay the bank, retrieve the title, and then forward the title to the person who bought the car. However, the defendant failed to give the money the customer had paid him for the car to the bank and therefore did not obtain a title to forward to the customer. The bank and the customers were among the victims of his actions. He also was involved in a scheme

involving vehicle financing.

Harris filed this motion claiming (1) ineffective assistance of counsel during the sentencing and phase and for failure to appeal, and (2) unconstitutional enhancement of his sentence pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531(2004). Each of the above claims will be addressed separately below.

## Law and Analysis

### The Law of §2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under §2255 is consistent with that of the writ of habeas corpus. *Cates*, 952 F.2d at 151. Also, *U.S. v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992), the United States Court of Appeals for the Fifth Circuit stated as follows:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 102 S.Ct. 1592-93 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*), *cert. denied*, 112 S.Ct. 978 (1992). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *en banc, cert. denied*, 112 S.Ct. 978 (1992)); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). The defendant has not established either prong.

Even if a defendant cannot establish "cause" and "prejudice," pursuant to a narrow exception, a defendant may be entitled to relief under 28 U.S.C. § 2255 if the error of a constitutional nature would result in a complete miscarriage of justice. *Murray v. Carrier*, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 118 S.Ct. 1604, 1610 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232. In this case, the defendant has not claimed or

established actual innocence.

### *Booker, Blakely, Apprendi*

In seeking relief under *Apprendi*[1] and *Blakely*[2] and in claiming that the Court sentenced the defendant on the basis of facts that should have been determined by the jury, the defendant is basically seeking relief under *Booker*. As argued above, the defendant has not met the requisite cause and prejudice test. Furthermore, the defendant is simply not entitled to relief at this point.

In *United States v. Booker*,__ U.S.___, 125 S.Ct. 738 (Jan. 12, 2005), the United States Supreme Court held that the Sixth Amendment right to trial by jury is violated under a mandatory guidelines system if a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. The Supreme Court decided that the remedy was to render the guidelines advisory rather than mandatory.

However, the United States Court of Appeals for the Fifth Circuit, in line with every other circuit which has considered the issue, has recently held that *Booker* is not applicable retroactively to cases on collateral review. *In re Elwood*, 408 F.3d 211 (5th Cir. 2005). The defendant is not entitled to relief.

---

[1] Pursuant to *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S.Ct. at 2362-63.

[2] In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) the United States Supreme Court applied the rule of *Apprendi* to invalidate a sentencing enhancement, imposed pursuant to state law that increased the sentence beyond the range authorized by Washington state's statutory sentencing guidelines. The Court explained that, because the facts supporting the enhancement were "neither admitted by [the defendant] nor found by a jury," the sentence violated the Sixth Amendment right to trial by jury. *Blakely,* 124 S.Ct. at 2537.

**Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims may be considered under 28 U.S.C. §2255. *United States v. Gaudet*, 81 F. 3d 585, 589 (5th Cir. 1996); *United States v. Gipson*, 985 F. 2d 212 (5th Cir. 1993); *United States v. Navejar*, 963 F. 2d 733, 735 (5th Cir. 1992). However, not all ineffective assistance of counsel claims are cognizable for the first time on collateral attack absent proof of "manifest injustice." Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the defendant of some other constitutional right. In order to prevail on a claim of ineffectiveness of counsel, a defendant must show both that his counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced him. *Strickland v. Washington,* 466 U.S. 668,104 S.Ct. 2052 (1984).

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). Furthermore, the parts of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). In addition, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first part of the *Strickland* test, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Strickland* at 689-690. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland* at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F. 2d 279 (5th Cir. 1984). Unreliability and unfairness does not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *See also Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995).

**<u>Sentencing</u>**

The defendant first contends that his attorney was ineffective for failing to review the presentence investigation report with the defendant ten days before the sentencing. There is no requirement that a defendant and an attorney review the presentence investigation report ten days before sentencing. The relevant statute, 18 U.S.C. § 3552(d) only requires the presentence investigation report be disclosed to parties at least ten days prior to the date set for sentencing.

Furthermore, correspondence from the attorney to the probation officer and correspondence from the attorney to the defendant demonstrates that the defendant and the attorney did discuss the presentence investigation report more than ten days before the sentencing. The initial presentence investigation report was prepared on February 11, 2004. On February 23, 2004, the attorney sent a letter to the probation officer in which he objected to the paragraph dealing with the defendant's role in the offense and in which he stated that the defendant was reviewing the figures regarding the amount of loss. (Gov. Exh. A). On February 23, 2004, the attorney sent the defendant a letter in which he enclosed a copy of the presentence report and in which he discussed some of the possible objections. (Gov. Exh. B).

On March 1, 2004, the attorney sent a letter to the probation officer in which he stated "I have had an opportunity to meet and discuss the presentence investigation report with Mr. Harris." (Gov. Exh. C). In this letter the attorney detailed objections to the presentence investigation report. Another letter was sent to the probation officer by the attorney on March 12, 2004, in which he mentioned questions about the collateral and referred to his discussions with the defendant in stating "I met with him on February 29, 2004, to go over any questions he had." (Gov. Exh. D).

On March 12, 2004, the attorney sent the defendant a letter in which he discussed the loss calculation and in which he requested the defendant to obtain documentation as to that issue. (Gov. Exh. E). On March 23, 2004, the attorney sent the defendant another letter in which he raised the issue of loss and, again, asked the defendant for relevant paperwork. (Gov. Exh. F).

Based on the objections, a revised presentence investigation report was prepared on March 31, 2004. The defendant was sentenced on April 5, 2004.
The above demonstrates that the defendant and the attorney had more than sufficient consultation about the presentence investigation report.

The defendant claims that his attorney was ineffective for failing to object to the base offense level of seven. He contends that under U.S.S.G. § 2B1.1 his offense level should have been six.

The presentence investigation report provides that the 1998 version of the Sentencing Guidelines was used. (PSI (revised on March 31, 2004) para. 26). U.S.S.G. § 2B1.1(a) provides that the offense level is 7 if the "defendant was convicted of an offense referenced to this guideline," and if the "offense of conviction has a statutory maximum term of imprisonment of

7

20 years or more."

The defendant pleaded guilty to 18 U.S.C. § 1344 which is referenced in the commentary of U.S.S.G. § 2B1.1 and which has a statutory maximum term of imprisonment of 30 years. The base offense level was, thus, correctly listed as 7 in the presentence investigation report.

The attorney cannot be considered ineffective for failing to raise a meritless objection. *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections."); *Murray v. Maggio*, 736 F.2d at 283 ("Counsel is not required to engage in the filing of futile motions.")

The defendant contends that his attorney did not assert an appropriate objection to the adjustment for his role in the offense. The attorney did object to the paragraph relating to the adjustment for the defendant's role in the offense. He argued that the adjustment constituted double-counting. Any other type of objection would have been fruitless, since the defendant's actions fell within the ambit of that guideline.

The defendant asserts that his attorney was ineffective for not properly objecting to the amount of loss. The record clearly shows that the defendant's attorney did object to the amount of loss. The defendant has not established what actions by the attorney could have resulted in less jail time. For instance, the defendant claims that the attorney should have argued that the real estate he had as collateral should have reduced the amount of loss. However, the letter dated March 30, 2004, from the bank to the probation officer demonstrates that the sale of that property

was taken into account in the determination of the amount of the loss. (Gov. Exh. G). The letters, objections, and addendums to the presentence investigation report indicate that the amount of loss was thoroughly litigated. The letter by the attorney to the defendant dated April 23, 2004, demonstrates how his actions would not have made a difference. (Gov. Exh. H).

In addition, the testimony at the hearing on this matter showed that the defendant's attorney thoroughly explored the issues raised by the defendant in the present motion, and determined that there was simply no evidence to support the defendant's claim. The defendant himself admitted that he neither had nor was aware of any additional documentation which would have shown that the amount of loss was less than $200,000.00.

To establish prejudice at sentencing the defendant must show that he would have received less jail time absent his attorney's actions. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. May 21, 2004). The defendant has made no showing that his attorney failed to adequately argue objections to the pre-sentence investigation report or that his jail time would have been at all less if his attorney had acted any differently, as is required for this claim as is required under *Strickland*. The defendant's counsel clearly was given the pre-sentence report in time to file written objections to it and to vigorously argue those objections at the sentencing. In fact, the sentencing was delayed in order to give the defendant additional time to provide documentation to prove his claim that he had repaid a portion of the amounts attributed to him, and had not received credit for those repayments. The defendant had no such evidence. Thus, there is absolutely no indication that if the attorney's actions had been different, less jail time would have been imposed. In fact, the record shows that the defendant's attorney did an exemplary job of minimizing the amount of jail time to which the defendant was sentenced.

9

Appeal.

The defendant contends that his attorney was ineffective for failing to file a notice of appeal and for failing to pursue an appeal. At *Roe v. Flores-Ortega*, 120 S.Ct. 1029 (2000), the United States Supreme Court addressed ineffective assistance of counsel in terms of the pursuit of an appeal. An attorney's failure to file a notice of appeal cannot be considered ineffective assistance of counsel *per se*. An attorney who disregards a defendant's specific instruction to file a notice of appeal does act in an unprofessionally, unreasonable manner. *Id*. at 1035. A defendant who explicitly instructs his attorney not to file a notice of appeal cannot later claim that his attorney was deficient. *Id.*

If an attorney has consulted with the client about appealing, and the decision is made not to appeal, the attorney cannot be considered ineffective. The attorney who consults with the defendant about the appeal is only ineffective if he disregards the defendant's "express instructions with respect to an appeal." *Id.*

If counsel has not consulted with the defendant, the question is raised as to "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id*. The issue then arises "Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?" *Id*. As a "constitutional matter" an attorney's failure to consult with a defendant about an appeal cannot always be considered unreasonable. *Id*. at 1036. Thus, the Supreme Court rejected "a bright-line rule that counsel must always consult with the defendant regarding an appeal." *Id*. The Supreme Court then stated as follows:

> We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or

> (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

The Court elaborated that in determining if the attorney should have consulted with the defendant, the Court can consider "all the information counsel knew or should have known." A "highly relevant factor" in this determination is if a defendant pleaded guilty or proceeded to trial. The fact that a defendant pleads guilty is relevant since "a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* at 1036.

The Supreme Court further stated that to show prejudice in this context, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 1038.

The Court noted that to prove deficient performance, a defendant could rely on evidence that he expressed an interest in appealing to his attorney. However, that evidence would not be sufficient to demonstrate that if the defendant had "received reasonable advice" from the attorney about appealing, he would have instructed the attorney to appeal. *Id*. at 1039.

In the case at bar, the defendant was not denied the right to appeal as a result of his attorney's actions. The defendant testified at the hearing that he and his attorney did consult regarding an appeal prior to the sentencing hearing, if they believed there were a basis for one after the sentence had been imposed. The defendant admitted that he did not instruct his attorney to appeal after the sentencing. His attorney testified that there clearly was no non-frivolous basis for appeal, and that if the defendant had expressed a desire to appeal after sentencing, he would have declined to do so and would have referred him to other counsel or helped him to obtain appointed counsel. His attorney's testimony, which is supported by the documentation in the

11

record of these proceedings, shows that the defendant did not manifest an interest in an appeal until August of 2004. The letter by the attorney to the defendant dated September 29, 2004, was in response to the defendant's first post-sentencing inquiry about an appeal. (Gov. Exh. M). The attorney did not recommend an appeal because of its possible adverse effect on the resolution of the state matters pending against the defendant and because there were no non-frivolous issues to appeal. The several letters before that date indicate that the issue of appeal was never raised. Gov. Exhs. I, J, K, L). There is no indication the defendant ever specifically instructed the attorney to file a notice of appeal, and in fact, he admitted as much at the hearing. The defendant stated that he "assumed" his attorney had filed an appeal, but did not specifically tell him to do so. The defendant was not denied the right to appeal as a result of his attorney's actions.

## Conclusion

For the reasons stated above, it is recommended that the defendant's motion be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 5th day of August, 2005.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE